CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 2 8 2011

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| DONELL J. BLOUNT, SR., | ) | CASE NO. 7:11CV00195 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| SGT. WILLIAM A. WRIGHT, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Donell J. Blount, Sr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, et seq. He alleges that the defendant, a correctional officer at Red Onion State Prison, falsely charged Blount with disobeying a direct order, which resulted in Blount being forced to eat "non-kosher diet loafs" for a week in violation of his right to free exercise of his sincere religious beliefs. The court finds that these allegations fail to state any claim actionable under § 1983.

### I

Blount alleges the following sequence of events on which his claims are based. After officers serving the lunch meal had given Blount his tray, he discovered that the cucumbers had "blackened rot" on them. He protested the cucumbers and asked officers for a replacement or some more tea. Officer Cress told Blount that he could only contact a supervisor and take the tray back to the kitchen. The officers left. Officer Wright returned to Blount's cell at about 1:16 p.m. and reported that the kitchen denied the problem and refused replacement. Blount asked Wright to video tape the cucumbers, but Wright walked away. Wright then wrote a disciplinary report, charging that Blount refused to comply with several orders to return his lunch tray.

Blount was also placed on the loaf meal diet from February 23 to March 1, 2011. Blount asserts that the loaf meals are not consistent with his sincerely held religious belief that he should consume a Kosher diet. He asserts that Wright never ordered him to return the tray and did not open the tray slot to allow him to do so. Blount seeks monetary damages against Wright for the alleged violation of his religious rights.

## II

The court is required to dismiss any action or claim filed by a prisoner proceeding in forma pauperis if it determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The First Amendment provides in relevant part that the government shall not prohibit the free exercise of religion. U.S. Const. amend. I. To prevail on a free exercise claim, an inmate must show that a defendant substantially burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith without justification reasonably related to legitimate penological interests. O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987). Under RLUIPA, a government may not impose a substantial burden on the religious exercise of a confined person unless the government establishes that the burden furthers a "compelling governmental interest" and does so by "the least restrictive means." 42 U.S.C. § 2000cc1 (a)(1)-(2). Courts have defined "substantial burden" as one that "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs." Thomas v. Review Bd. Of Indiana Employment Sec. Division, 450 U.S. 707, 718 (1981); see also Lovelace v. Lee, 472 F.3d 174,

2

187 (4th Cir. 2006). The inmate bears the burden of establishing that his religious exercise has been substantially burdened. § 2000cc-2(b)).

Blount fails to allege any facts on which he could prove that the diet loaf meals he ate for one week burdened his religious beliefs. Indeed, he does not state what his religious beliefs are or what dietary requirements are set by those beliefs, other than to "eat kosher." Similarly, he states no facts concerning the nature of the diet loaf itself, why it does not satisfy kosher principles, or what other aspect of these meals is inconsistent with his beliefs. As Blount's complaint thus does not offer sufficient factual allegations to support a plausible claim that the short-lived disciplinary measure he challenges placed a substantial burden on his sincere religious beliefs, the court concludes that this action must be summarily dismissed without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 28th day of April, 2011.

_____
Chief United States District Judge

3